IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL IRIZARRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 5:21-cv-1149 |
| | ) |
| KIMBER MFG., INC, | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT KIMBER MFG., INC.'S**
**NOTICE OF REMOVAL**

Defendant, Kimber Mfg., Inc. ("Kimber"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 notifies this Court that it is removing the above captioned action currently pending in the District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. In support, Kimber states as follows:[1]

**INTRODUCTION**

1.  The removed case is a civil personal injury action commenced in the District Court of Bexar County, Texas by Plaintiff Michael Irizarry ("Plaintiff") styled *Michael Irizarry v. Kimber MFG., INC.,* Cause No. 2021CI22238 (the "State Court Action"). (*See* Plaintiff's Petition ("Pet.").[2] Kimber is the only named defendant.

2.  In this suit originally filed on October 21, 2021, Plaintiff seeks to prosecute alleged personal injury claims against Kimber and alleges five causes of action: (1) strict products liability

---

[1] Kimber attaches as Exhibit A to this Notice of Removal its Index of Matters Being Filed that includes the docket sheet of the underlying state court action and all pleadings, motions and orders filed in the state court action.

[2] Ex. A-2

pursuant to Tex. Civ. Prac. & Rem § 16.012; (2) products liability – design and/or manufacturing defect pursuant to Tex. Civ. Prac. & Rem § 82.001 *et seq.*; (3) breach of implied warranty; (4) breach express warranty; and (5) punitive damages. (Pet. ¶¶ 6.1-6.27). Plaintiff claims that he was injured when the 9mm Kimber Solo handgun he was handling allegedly unintentionally discharged, causing a bullet to strike him in the left leg. (Pet. ¶ 5.3).

3. Plaintiff's Petition seeks compensatory damages, damages for pain and impairment, damages for mental anguish, damages for past and future medical expenses, damages for past and future physical disfigurement, damages for past and future physical impairment, damages for loss of earnings, and punitive damages. (Pet. ¶ 7.1(a-i)). Plaintiff "affirmatively pleads that he seeks monetary relief over $1,000,000." (Pet. ¶ 7.2).

4. The Bexar County District Clerk issued a citation for Kimber on October 21, 2021.[3]

5. Kimber was served with the citation and a copy of Plaintiff's Original Petition on October 28, 2021.[4]

6. Kimber now timely removes this suit.

## PROCEDURAL REQUIREMENTS

7. Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely filed within thirty (30) days after Kimber was served with the Summons and Complaint on October 28, 2021.

8. Pursuant to 28 U.S.C. § 1446(a), venue is proper because the United States District Court for the Western District of Texas, San Antonio Division, encompasses the geographic area of the District Court of Bexar County, Texas, where the removed action was filed and is currently pending.

---

[3] Ex. A-3
[4] Ex. A-4

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Court of Bexar County, State of Texas promptly after filing of the same in this Court. A copy of the finalized document to be filed is attached as Exhibit A-5. Written notice will be provided to all adverse parties.

10. If any question arises as to the propriety of the removal of this action, Kimber requests the opportunity to conduct discovery, present summary judgment-type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Kimber's right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or forum *non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join an indispensable party or parties, or (viii) any other procedural or substantive defense available under state or federal law.

## DIVERSITY JURISDICTION

12. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. Original jurisdiction, for purposes of removal, may be based on either diversity of citizenship or the existence of a federal question. *Barragan v. Gen. Motors LLC*, 112 F. Supp. 3d 544 (W.D. Tex. 2015) (citing 28 U.S.C. § 1441(a)). This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists

13.  Kimber is a Delaware corporation with its headquarters and principal place of business in Troy, Alabama. (*See* Ex. C, Alabama Corporate Registration). Kimber is thus a citizen of Delaware and Alabama for jurisdictional purposes. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). Plaintiff is a resident citizen of San Antonio Texas. (Pet. ¶ 2.1). As such, Plaintiff and Kimber are citizens of different states and, therefore, complete diversity of citizenship for removal purposes exists.

### B. The Amount in Controversy Exceeds $75,000.00

14.  When determining whether a defendant has satisfied the amount in controversy requirement, courts begin their inquiry by looking to the state court petition and asking whether it is "facially apparent" that the claims exceed $75,000 in value. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). As in the instant case, "[w]here the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy." *Wilson v. Allstate Ins. Co.*, 2017 WL 1097213, at *2 (E.D. Tex. Mar. 3, 2017).

15.  Moreover, "[p]unitive and exemplary damages, as well as statutory attorney fees, are included in calculating the amount in controversy for purposes of establishing jurisdiction." *Bates v. Laminack*, 938 F. Supp. 2d 649 (S.D. Tex. 2013) (citing 28 U.S.C.A. § 1332.).

16.  Kimber disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, removal of this action is proper because the amount in controversy exceeds $75,000 as Plaintiff explicitly seeks monetary relief over $1,000,000. (Pet. ¶ 7.2). Based on the Petition, the amount in controversy is satisfied.

17. Accordingly, there is more than $75,000 in controversy, satisfying the requirements for diversity jurisdiction removal pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

18. Because all requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied, *i.e.*, complete diversity of citizenship exists between Plaintiff and Kimber, and the amount in controversy exceeds the statutory minimum, Kimber respectfully removes the State Court Action from the District Court of Bexar County, Texas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

/s/ Mark D. Wolfe
David M. Prichard
Texas Bar No.
(210) 477-7401 [Direct]
Email: dprichard@prichardyoungllp.com
Mark Wolfe
Texas Bar No. 24066304
(210) 477-7405 [Direct]
Email: dprichard@prichardyoungllp.com
PRICHARD YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216


- and -

Christopher Renzulli (*Pro Hac Vice* to be filed)
Howard B. Schilsky (*Pro Hac Vice* to be filed)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY  10601
PH:  914-285-0700
F:    914-285-1213
*Attorneys for Kimber Mfg., Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on the **18th** day of **November 2021**, I submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the Court. I hereby certify that I have served all counsel of record in the manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Jason C. Webster
Texas Bar No. 24033318
6200 Savoy, Suite 150
Houston, Texas 77036
Phone: (713) 581-3900
filing@thewebsterlawfirm.com
*Attorney for Plaintiff*

                                            /s/ Mark D. Wolfe
                                            Mark D. Wolfe