# EXHIBIT A-2

FILED
10/21/2021 8:19 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-01149-OLG   Document 1-5   Filed 11/18/21   Page 2 of 13   CIT PPS   W JD

Cause No. **2021CI22238**

| | | |
|---|---|---|
| MICHAEL IRIZARRY<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF<br>Bexar County - 407th District Court |
| v. | § § | BEXAR COUNTY, TEXAS |
| KIMBER MFG., INC.<br>*Defendant.* | § § § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff, MICHAEL IRIZARRY, and hereby files this action against, KIMBER MFG., INC., Defendant herein, and alleges the following:

### I. DISCOVERY CONTROL PLAN

1.1   Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively contends that this matter should not be conducted under Rule 169 for Expedited Actions pursuant to the Texas Rules of Civil Procedure.

### II. PARTIES

2.1   Plaintiff, Michael Irizarry, is a citizen and resident of San Antonio Texas and has been at all times relevant herein.

2.2   Defendant Kimber MFG, Inc. is a corporation doing business in Texas and can be served by and through its registered agent, Registered Office Service Company, 614 North Dupont Highway, Suite 210, Dover, Delaware 19901 or wherever it may be found.

### III. ASSUMED AND COMMON NAMES

3.1 Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendant notice that it is being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or private corporations.

3.2 Further, to the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answer to this suit, that Defendant answer in its correct legal and assumed names.

### IV. VENUE & JURISDICTION

4.1 Venue is proper in Bexar County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1) as Bexar County is the county where the acts or omissions giving rise to the cause of action occurred.

4.2 This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

4.3 It does not offend "traditional notions of fair play and substantial justice" to require Kimber MFG, Inc. to defend itself in this forum, since Kimber MFG, Inc. engages in interstate commerce in and through the State of Texas. Accordingly, the contacts, ties and relations of Kimber MFG, Inc. to the State of Texas are sufficient to give rise to the exercise of personal jurisdiction over it by courts in the State of Texas.

4.4     Defendant, Kimber MFG, Inc., is subject to the general and specific jurisdiction of this Court, and the Courts of the State of Texas, in that RCI's contacts are continuous and systematic and its alleged liability arises from or is related to activities conducted within the State of Texas. All of its contacts are purposeful and for the intent to profit within the State of Texas. Kimber MFG, Inc. purposely and intentionally availed itself of the privilege of conducting activities within the State of Texas.

## V.     FACTS

5.1     Plaintiff Michael Irizarry is a military veteran who served our country for 31 years.

5.2     He is a marine who underwent intense training for the handling of tactical weaponry under several different types of excruciating circumstances. He is well versed in the handling of several different types of guns from pistols to shotguns, to semi-automatic rifles to fully automatic rifles. He is without a doubt a skilled marksman who knows how to make sure that the safety grip of a 9 mm Kimber Solo Handgun.

5.3     Unfortunately for Mr. Irizarry, not even his extensive knowledge of tactical weaponry was able to prevent the occurrence made the basis of this lawsuit. On August 23, 2021, Mr. Irizarry had just arrived at his home with a pizza for his family like any other typical day. However, as Mr. Irizarry was exiting his vehicle, he decided to attempt to put his 9 mm Kimber Solo Handgun, Serial No. S1133057 (hereinafter the "Subject Handgun") into his vehicle's safe. While Mr. Irizarry was attempting to place the safety grip of the Subject Handgun, the Subject Handgun malfunctioned and fired. The Handgun fired a round that struck Mr. Irizarry's left leg and shattered bones in his leg requiring Mr. Irizarry to undergo surgery for his severe injuries.



5.4     The Subject Handgun malfunctioned as it possesses a defect that allows the Subject Handgun to fire even if the safety grip is enabled. The Subject Handgun has been recalled by Defendant Kimber MFG, Inc.

5.5     As a result of the Subject Handgun's safety grip defect, Plaintiff suffered severe personal injuries that were proximately caused by Defendant. Nothing that Plaintiff did or failed to do on the occasion in question caused or in any way contributed to Plaintiff's injuries.

## VI. CAUSES OF ACTION

### a. *Products Liability – Strict Liability (Civ. Prac. & Rem §16.012)*

6.1. Plaintiff incorporates by reference each and every paragraph of this Petition as if fully set forth herein and further alleges as follows:

6.2. At all relevant times, Defendant was engaged in the development, testing, manufacturing, marketing, and/or sales of the Subject Handgun and/or its safety grip component.

6.3. For purposes of the Texas Products Liability Act, Plaintiff was a consumer of the Subject Handgun because Plaintiff purchased the Subject Handgun.

6.4. The Subject Handgun, as designed, manufactured, marketed, and/or sold by Defendant reached Plaintiff without substantial change in its condition. Plaintiff used the product in a reasonably foreseeable and intended manner.

6.5. The Subject Handgun was "defective" and "unreasonably dangerous" when it entered the stream of commerce and was utilized by Plaintiff, because it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer. Plaintiff never had reason to believe that the Subject Handgun was in an unsuitable condition for its intended use as a handgun.

6.6. Use of the Subject Handgun as intended resulted in Plaintiff's injuries.

6.7. Plaintiff was not able to discover, nor could he have discovered through the exercise of reasonable care, the harmful nature of the Subject Handgun.

### b. *Products Liability – Design and/or Manufacturing Defect (Tex. Civ. Prac. & Rem. §82.001 et seq.)*

6.8. Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein

and further alleges as follows:

6.9.    At all times material to this action, Defendant was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Subject Handgun and/or its safety grip component.

6.10.   At all times material to this action, the Subject Handgun was expected to reach, and did reach, consumers in the State of Texas and throughout the United States, including Plaintiff herein without substantial change in the condition in which it was sold.

6.11.   At all times material to this action, the Subject Handgun was manufactured, tested, and/or sold by Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

      a.    When placed in the stream of commerce, the Subject Handgun contained design defects which rendered the product unreasonably dangerous;

      b.    The Subject Handgun's design defects occurred while the product was in the possession and control of Defendant;

      c.    The Subject Handgun's safety grip component contained a flaw in the original design of the product which made the Subject Handgun unreasonably dangerous for consumer use;

      d.    The Subject Handgun was not made in accordance to Defendant's specifications or performance standards; and/or

      e.    The Subject Handgun's defects existed before it left the control of Defendant.

6.12.   At all times material hereto, the Subject Handgun that was designed, manufactured, promoted, distributed, marketed, and/or sold by Defendant was expected to reach, and did reach consumers,

including Plaintiff, without substantial change in the condition in which it was sold.

6.13. As a direct and proximate result of the failure of the Subject Handgun, Plaintiff suffered injuries and damages, as described herein.

### c. *Breach of Implied Warranties*

6.14. Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

6.15. Prior to the time that the Subject Handgun was used by Plaintiff, Defendants impliedly warranted to Plaintiff that the Subject Handgun was of merchantable quality and safe and fit for the use for which it was intended.

6.16. Plaintiff reasonably relied on the skill, judgment and implied warranty of Defendant in using the Subject Handgun.

6.17. The Subject Handgun utilized by Plaintiff was neither safe for its intended use nor of merchantable quality, as warranted by Defendant, when put to its intended use and caused severe injuries to the user.

6.18. Defendant, by selling, delivering and/or distributing the Subject Handgun to Plaintiff, breached the implied warranties of merchantability and fitness and caused Plaintiff to suffer damages.

39. As a result of the aforementioned breach of implied warranty by Defendant, Plaintiff suffered injuries and damages as alleged herein.

### d. *Breach of Express Warranties*

6.19. Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

6.20. At all times herein mentioned, Defendant expressly warranted to Plaintiff by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for consumers and the general public, that the Subject Handgun was safe, effective, fit and proper for its intended use.

6.21. In utilizing the Subject Handgun, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of Defendant.

6.22. Said warranties and representations were false in that the Subject Handgun was not safe and was unfit for the users for which it was intended.

6.23. As a result of the foregoing breach of express warranties by Defendant, Plaintiff suffered injuries and damages as alleged herein.

### e.  *Punitive Damages*

6.24. Plaintiff repeats and incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

6.25. Plaintiff is entitled to punitive damages because Defendant's wrongful acts and omissions were wanton or in conscious disregard of the rights of others.

6.26. Defendant marketed about the safety and efficacy of the Subject Handgun to consumers such as Plaintiff. The Subject Handgun was used for its intended purpose and failed, causing damages to Plaintiff. The Subject Handgun contained a defect that Defendant could have discovered with the proper testing and inspection procedures but Defendant failed to utilize those safeguards for consumers such as Plaintiff.

6.27. Plaintiff contends that Defendant's conduct rises to the level of willfulness, wantonness, or

with reckless or conscious disregard for human life and safety, to warrant the imposition of punitive damages.

## VII. DAMAGES

7.1. Said elements of damage which Plaintiff seeks to recover from Defendant include compensation for the following:

   a. The physical pain and impairment sustained by Plaintiffs from date of injury to the time of trial;

   b. Future physical pain and impairment reasonably anticipated to be sustained by Plaintiffs in the future;

   c. Mental anguish and suffering sustained by Plaintiffs from date of injury to time of trial;

   d. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiffs in the future;

   e. Loss of earnings sustained by Plaintiffs;

   f. Reasonable and necessary medical expenses incurred by Plaintiffs in the treatment of Plaintiffs' injuries from date of injury to time of trial;

   g. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiffs' injuries;

   h. Past and future physical disfigurement; and

   i. Past and future physical impairment.

7.2. As such, Plaintiff affirmatively pleads that he seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; and a demand for all the other relief to which the party deems himself entitled.

## VIII. MISNOMER/ALTER EGO

8.1. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention such was a "misidentification", "misnomer", and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IX. INITIAL DISCLOSURES

9.1. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## X. RULE 193.7 NOTICE

10.1. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI. JURY DEMAND

11.1. Plaintiff hereby requests a trial by jury and has paid the appropriate fee.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment

interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

> Respectfully submitted,
>
> **THE WEBSTER LAW FIRM**
>
> By: */s/ Jason C. Webster*
> **JASON C. WEBSTER**
> State Bar No. 24033318
> 6200 Savoy, Suite 150
> Houston, Texas 77036
> Telephone: (713) 581-3900
> Facsimile: (713) 581-3907
> filing@thewebsterlawfirm.com
>
> **ATTORNEYS FOR PLAINTIFF**

Case 5:21-cv-01149-OLG   Document 1-5   Filed 11/18/21   Page 13 of 13

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason Webster on behalf of Jason Webster
Bar No. 24033318
filing@thewebsterlawfirm.com
Envelope ID: 58393839
Status as of 10/21/2021 9:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason Charles Webster | 24033318 | filing@thewebsterlawfirm.com | 10/21/2021 8:19:42 AM | SENT |